UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | CV15-4613-CAS(JPRx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *DAVID K. LEE v. CAFFEBENE INC. ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | DEBI READ | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Won Lee | Al Mohajerian | |

**Proceedings:**     MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT CAFFEBENE INC. (Dkt. 21, filed November 13, 2015)

## I. INTRODUCTION AND BACKGROUND

On October 2, 2014, plaintiff David K. Lee filed this action in the Los Angeles County Superior Court against defendants Caffebene, Inc. ("Caffebene"), and Does 1-50, inclusive. Dkt. 1. The action was removed to this Court on the basis of diversity jurisdiction on June 17, 2015. Id. The complaint asserts claims under California law for (1) Failure to Pay Overtime Compensation; (2) Statutory Penalty under Labor Code section 203; (3) Statutory Penalty under Labor Code section 226; (4) Additional Wages under Labor Code section 226.7; (5) Wrongful Termination; and (6) violation of Business and Professions Code section 17200. Id. Ex. A (Complaint).

On November 13, 2015, Al Mohajerian ("Counsel" or "Mohajerian"), counsel of record for defendant Caffebene, filed a motion to withdraw as counsel. Dkt. 21. Neither plaintiff nor defendants have opposed the motion.

## II. DISCUSSION

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." L.R. 83–2.3.5. If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney." L.R. 83–2.3.3. However, "[a]n attorney requesting leave to withdraw from representation of an organization of any kind [including corporations] . . . must give written notice to the organization of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                           'O'

| Case No. | CV15-4613-CAS(JPRx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *DAVID K. LEE v. CAFFEBENE INC. ET AL.* | | |

consequences of its inability to appear pro se." L.R. 83–2.3.4.  In addition, the motion for leave to withdraw must be supported by "good cause;" notably,"[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." L.R. 83–2.3.2.

Counsel states that his firm is the attorney of record for defendant Caffebene in the above-referenced case.  Declaration of Al Mohajerian ¶ 1.  Counsel asserts that there has been a "complete breakdown in communications" between his firm and Caffebene, and that defendant's "own conduct and refusal to communicate on substantive matters with counsel has materially undermined the firm's ability to represent Defendant's interest in this case." Id. ¶ 2.  Specifically, counsel states that he is "at an impasse with [Caffebene] since [Caffebene] is not providing the funding to implement the strategies that we recommend including taking depositions of the parties or even making witnesses available for their depositions to be taken by Plaintiff." Id. ¶ 3.  Counsel avers that he advised defendant of his intention to withdraw as their attorney in this matter in "detailed emails" dated July 10, 2015; July 28, 2015; July 31, 2015; August 12, 2015; August 19, 2015; October 27, 2015; and October 29, 2015.  Id.  In addition, counsel notes that trial is not scheduled in this matter, that he has copied defendant's local counsel in New York on multiple notices of withdrawal, and that defendant will not be prejudiced as it has had ample time to seek new counsel.  Id. ¶ 4.  Counsel further requests leave of Court to provide further evidence in support of his motion *in camera*, if necessary.  Id. ¶ 5.

For the reasons outlined in his declaration, and in light of the lack of any opposition to the instant motion, the Court finds that Counsel has adequately demonstrated that there is good cause for his withdrawal.  Counsel is hereby ordered to provide Caffebene with notice of the Court's order in accordance with Local Rule 83-2.3.4.  Because Caffebene is a corporate entity, and as such may not appear pro se, Counsel is ordered to inform Caffebene that it must retain new counsel within thirty (30) days of the date on which this order takes effect.  Counsel shall advise Caffebene that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.  Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-4613-CAS(JPRx) | Date | December 14, 2015 |
|---|---|---|---|
| Title | *DAVID K. LEE v. CAFFEBENE INC. ET AL.* | | |

### III. CONCLUSION

In accordance with the foregoing, Mr. Mohajerian's motion to withdraw as counsel of record for defendant Caffebene is hereby **GRANTED**.

The Scheduling Conference scheduled on January 4, 2016 at 11:00 AM is hereby continued to **February 1, 2016 at 11:00 AM.**

IT IS SO ORDERED.

|  | 00 : 02 |
|---|---|
| Initials of Preparer | CL |